1  Daniel S. Belsky, Esq. (SBN 75810)                (SPACE BELOW FOR FILING STAMP ONLY)
   Vincent J. Iuliano, Esq. (SBN 153594)
2  Bruce W. Boetter, Esq. (SBN 188376)
   **BELSKY & ASSOCIATES**
3  591 Camino de la Reina, Suite 640
   San Diego, CA 92108
4  Telephone:    (619) 497-2900
   Facsimile:    (619) 497-2901
5

6  Lawrence A. Cox, Esq. (SBN 076140)
   Brian K. Condon, Esq. (SBN 138776)
7  Courtney Stuart-Alban, Esq. (SBN 225513)
   **ARNOLD & PORTER LLP**
8  777 South Figueroa Street, 44th Floor
   Los Angeles, CA 90017
9  Telephone:    (213) 243-4000
   Facsimile:    (213) 243-4199
10

11 Attorneys for Defendants
        CELESTINE ARAMBULO, D.O., (erroneously sued and served as DR. C. ARAMBULO),
12     KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE
       MEDICAL GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.
13

14              **UNITED STATES DISTRICT COURT**

15          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

16 FRANZISKA I. COLLIER, individually, and as)   Civil Action No. 08cv0969-L (POR)
   Administrator of the Estate of Edgar T. Collier,)
17 Deceased; KEA JADE COLLIER, a Minor, by)   **DEFENDANTS CELESTINE ARAMBULO,**
   her Guardian Ad Litem, MICHAEL HYDE,     )   **D.O., KAISER FOUNDATION HOSPITALS,**
18                                          )   **SOUTHERN CALIFORNIA PERMANENTE**
            Plaintiffs,                     )   **MEDICAL   GROUP,   and   KAISER**
19                                          )   **FOUNDATION HEALTH PLAN, INC.'S** *EX*
   v.                                       )   *PARTE*   **APPLICATION   FOR**
20                                          )   **RECONSIDERATION OF THE COURT'S**
   PARADISE   HILLS   CONVALESCENT)            **ORDER REMANDING THE CASE TO**
21 CENTER, a business entity, form unknown; DR.)   **STATE COURT**
   GAYNSKI; DR. C. ARAMBULO; KAISER)
22 FOUNDATION HOSPITALS; SOUTHERN)            DATE:
   CALIFORNIA   PERMANENTE   MEDICAL)          TIME:
23 GROUP; KAISER FOUNDATION HEALTH)           COURTROOM:
   PLAN, INC.; and DOES 1 through 100,)
24 inclusive,                               )   IC JUDGE:        HON. M. JAMES LORENZ
                                            )   MAGISTRATE:      HON. LOUISA PORTER
25          Defendants.                     )
                                            )   CASE FILED:      MAY 30, 2008
26 _____ )   TRIAL DATE:      NONE SET

27 / / /

28 / / /

-1-

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on a date and time to be determined by the court, in front of

3    Hon. M. James Lorenz in the above-entitled court, located at 880 Front Street, San Diego, CA 92101,

4    Defendants CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS, SOUTHERN

5    CALIFORNIA PERMANENTE MEDICAL GROUP, and KAISER FOUNDATION HEALTH

6    PLAN, INC. (hereinafter "KAISER") will and hereby do move the Court for a reconsideration of: 1)

7    the Court's June 30, 2008 Order remanding the case to state court; and 2) the Court's rejection of

8    PARADISE HILLS' Joinder in the Notice of Removal filed by KAISER on May 30, 2008. KAISER

9    requests that the Court vacate its remand order and re-open the federal court case.

10    The motion is based on the facts that: 1) the Court erred in ruling that Defendants failed to

11    explain the absence of co-defendants in the Notice for Removal, and 2) co-defendant PARADISE

12    HILLS CONVALESCENT CENTER timely filed a *Joinder in Removal* which was erroneously

13    rejected by the Court clerk because the clerk apparently considered it a Notice of *Removal* after the

14    case had already been removed.

15    This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

16    Authorities filed herewith, the Declaration of Vincent J. Iuliano, Esq., the pleadings and papers on

17    file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

18

19    Respectfully Submitted,

20    BELSKY & ASSOCIATES

21

22    Dated: 7/15 , 2008    By: _____

23    Daniel S. Belsky, Esq.
       Vincent J. Iuliano, Esq.
       Bruce W. Boetter, Esq.

24    Attorneys for Defendants
       CELESTINE ARAMBULO, D.O., KAISER

25    FOUNDATION HOSPITALS, SOUTHERN
       CALIFORNIA PERMANENTE MEDICAL GROUP, and

26    KAISER FOUNDATION HEALTH PLAN, INC.

27

28

Defendants' Mot. for Reconsideration of Court's Remand to State Court                08cv0969-L (POR)

1  Daniel S. Belsky, Esq. (SBN 75810)                          (SPACE BELOW FOR FILING STAMP ONLY)
   Vincent J. Iuliano, Esq. (SBN 153594)
2  Bruce W. Boetter, Esq. (SBN 188376)
   **BELSKY & ASSOCIATES**
3  591 Camino de la Reina, Suite 640
   San Diego, CA 92108
4  Telephone:    (619) 497-2900
   Facsimile:    (619) 497-2901
5

6  Lawrence A. Cox, Esq. (SBN 076140)
   Brian K. Condon, Esq. (SBN 138776)
7  Courtney Stuart-Alban, Esq. (SBN 225513)
   **ARNOLD & PORTER LLP**
8  777 South Figueroa Street, 44th Floor
   Los Angeles, CA 90017
9  Telephone:    (213) 243-4000
   Facsimile:    (213) 243-4199
10

11 Attorneys for Defendants
        CELESTINE ARAMBULO, D.O., (erroneously sued and served as DR. C. ARAMBULO),
12 KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE
   MEDICAL GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.
13

14               **UNITED STATES DISTRICT COURT**

15            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

16 FRANZISKA I. COLLIER, individually, and as)   Civil Action No. 08cv0969-L (POR)
   Administrator of the Estate of Edgar T. Collier,)
17 Deceased; KEA JADE COLLIER, a Minor, by)     **DEFENDANTS CELESTINE ARAMBULO,**
   her Guardian Ad Litem, MICHAEL HYDE,   )      **D.O., KAISER FOUNDATION HOSPITALS,**
18                                          )      **SOUTHERN CALIFORNIA PERMANENTE**
           Plaintiffs,                      )      **MEDICAL    GROUP,    and    KAISER**
19                                          )      **FOUNDATION  HEALTH  PLAN,  INC.'S**
   v.                                       )      **MEMORANDUM  OF  POINTS  AND**
20                                          )      **AUTHORITIES IN SUPPORT OF** *EX PARTE*
   PARADISE   HILLS   CONVALESCENT)        **APPLICATION FOR RECONSIDERATION**
21 CENTER, a business entity, form unknown; DR.)   **OF THE COURT'S ORDER REMANDING**
   GAYNSKI;  DR.  C.  ARAMBULO;  KAISER)     **THE CASE TO STATE COURT**
22 FOUNDATION  HOSPITALS;  SOUTHERN)
   CALIFORNIA   PERMANENTE   MEDICAL)       DATE:
23 GROUP; KAISER FOUNDATION HEALTH)          TIME:
   PLAN,  INC.;  and  DOES  1  through  100,)   COURTROOM:
24 inclusive,                               )
                                            )      IC JUDGE:        HON. M. JAMES LORENZ
25         Defendants.                      )      MAGISTRATE:     HON. LOUISA PORTER
                                            )
26 _____     )      CASE FILED:     MAY 30, 2008
                                            )      TRIAL DATE:     NONE SET
27

28 / / /

1    Defendants CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,

2    SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, and KAISER FOUNDATION

3    HEALTH PLAN, INC. submit this Memorandum of Points and Authorities in support of their Motion

4    for Reconsideration of the Court's June 30, 2008 Order remanding the case back to state court and the

5    Court's rejection of the Joinder in the Notice of Removal filed by co-defendant PARADISE HILLS

6    CONVALESCENT CENTER.

7                                            I.

8                                      **BACKGROUND**

9        On September 17, 2007, Plaintiffs filed this action against Defendants in the Superior Court

10    of the State of California, County of San Diego - Central Division.    However, Defendants

11    CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS, SOUTHERN

12    CALIFORNIA PERMANENTE MEDICAL GROUP, and KAISER FOUNDATION HEALTH

13    PLAN, INC. (hereinafter "KAISER") were only served with the summons and Second Amended

14    Complaint, on or after April 30, 2008.    Consistent with the timing requirements of 28 U.S.C. §

15    1446(b), these defendants filed a Notice of Removal to federal court on May 30, 2008.    The Notice

16    of Removal was filed pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal

17    question jurisdiction under 28 U.S.C. § 1331.    The Court has federal question jurisdiction because

18    (1) the Second Amended Complaint raises claims that turn on the construction of a federal

19    government contract and federal common law; and (2) the Second Amended Complaint raises claims

20    that are "completely preempted" by the Federal Employees Health Benefit Act ("FEHBA"), 5 U.S.C.

21    §§ 8901-8914.

22        At the time the Notice of Removal was filed on May 30, 2008, attorneys for KAISER checked

23    the Superior Court file for evidence that named co-defendant PARADISE HILLS CONVALESCENT

24    CENTER had been served with the Superior Court complaint, and/or had filed a responsive pleading.

25    There was no document in the Superior Court file indicating that PARADISE HILLS had been served

26    with the Second Amended Complaint. [*See* Declaration of Vincent J. Iuliano, Esq.]

27    / / /

28    / / /

---

Defendants' Memo. of Points and Auths. In support of Motion for Reconsideration                    08cv0969-L (POR)

1    Attorneys for KAISER also phoned plaintiffs' attorney to discuss the status of the case on

2    May 22, 2008 and left a message for plaintiff's attorney to call back.  However, plaintiff's attorney

3    never returned the phone call.  [*See* Declaration of Vincent J. Iuliano, Esq.]

4    To reflect the fact that it could not obtain the consent of PARADISE HILLS because this co-

5    defendant had not yet made an appearance in the case and its counsel, if any, were unknown to

6    KAISER's attorneys, in its Notice of Removal, KAISER included Paragraph 13 which stated:

7    "All Defendants known to have been served with Plaintiffs' Second Amended
     Complaint have consented to this Notice of Removal."

8

9    [*See* Notice of Removal, attached as Exhibit 1.]  At that time, only the KAISER defendants were

10   known to have been served with the Second Amended Complaint.  [*See* Declaration of Vincent J.

11   Iuliano, Esq.]

12   On June 23, 2008, KAISER's attorneys received a letter from counsel for PARADISE HILLS

13   regarding the fact that PARADISE HILLS had not yet filed responsive pleadings and would not do

14   so until the removal issue was resolved.  [*See* Letter of Janet G. Martin dated June 23, 2008, attached

15   as Exhibit 2.]  This letter was the first notice that KAISER's attorneys had that PARADISE HILLS

16   had been served, and were now represented by counsel.  [*See* Declaration of Vincent J. Iuliano, Esq.]

17   On June 24, 2008, PARADISE HILLS attempted to file a Joinder in KAISER's Notice of

18   Removal.  [*See* Defendant Paradise Hills Convalescent Center's Joinder in Defendants Celestine

19   Arambulo, D. O., Kaiser Foundation Hospitals, Southern California Permanente Medical Group and

20   Kaiser Foundation Health Plan, Inc.'s Notice of Removal, attached hereto as Exhibit 3.] The Joinder

21   signified that PARADISE HILLS, the only remaining defendant who had not formally consented to

22   removal, was now joining in KAISER's request to have the matter removed to federal court.

23   On June 24, 2008, however, the District Court Clerk returned the Joinder to attorneys for

24   PARADISE HILLS unfiled, apparently because it mistook the Joinder for an original Notice of

25   Removal. [*See* Notice of Document Discrepancies, attached hereto as Exhibit 4.]  The clerk's Notice

26   of Document Discrepancies noted that the document was being returned because "Case has already

27   been Removed on 5.30.2008 (Doc #1)."  This suggests that the clerk was mistakenly considering the

28   / / /

-3-

Defendants' Memo. of Points and Auths. In support of Motion for Reconsideration                08cv0969-L (POR)

1   papers filed to be intended to remove the case, rather than just the agreement of one party to the

2   removal filed by another.

3          On June 30, 2008, the District Court signed an Order Remanding Action to State Court. [*See*

4   Order, attached as Exhibit 5.] The Order indicates that "Section 1446 requires all proper defendants

5   to join or consent to the removal notice." It further notes that "[w]here fewer than all the defendants

6   have joined in a removal action, the removing party has the burden under section 1446(a) to explain

7   affirmatively the absence of any co-defendants in the notice for removal (citations omitted). The

8   language of the Order implies that the Court was not aware: 1) that at the time of the removal on May

9   30, 2008, KAISER had no way of determining whether PARADISE HILLS would or would not

10  consent to removal since PARADISE HILLS had not made an appearance in the Superior Court, but

11  more importantly, 2) that PARADISE HILLS had attempted to signify their joinder in the removal

12  by filing a Joinder, but that the clerk apparently returned the Joinder unfiled because it misinterpreted

13  the nature of the document.

14         KAISER asserts that all of the required steps to successfully remove a case from state to

15  federal court have been undertaken by KAISER and the co-defendant. KAISER respectfully submits

16  that the Court should reconsider its Order Remanding Action to State Court in light of the fact that

17  PARADISE HILLS clearly signified its agreement with the removal of the case to federal court prior

18  to the Court issuing its remand order. KAISER requests that the Court vacate its remand order and

19  re-open the federal court case.

20                                              **II.**

21  **THE DISTRICT COURT HAS THE INHERENT POWER TO RECONSIDER ITS**

22                                            **ORDER**

23         Although the Federal Rules of Civil Procedure do not expressly authorize a motion for

24  reconsideration, "(a) district court has the inherent power to reconsider and modify its interlocutory

25  orders prior to entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). A motion for

26  reconsideration will not be granted, however, "unless the District Court is presented with newly

27  discovered evidence, committed clear error, or if there is an intervening change in the controlling

28  law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

-4-

1        Per Local Civil Rule 7.1i, a motion for reconsideration may be filed up to 30 days after the

2 entry of the ruling, order or judgment sought to be reconsidered.

3        In this case, the Court may not have been aware of the fact that PARADISE HILLS did

4 attempt to join in KAISER's Notice of Removal on June 24, 2008, but that the Joinder was rejected

5 by the Court clerk for a reason that appears to have been unjustified.  This is a new fact that merits

6 the reconsideration of the Court's Order to remand the case to Superior Court.  Moreover, even

7 without the Joinder, KAISER's Notice of Removal did explain why it could not obtain the consent

8 of PARADISE HILLS to the removal when the Notice of Removal was originally filed.  KAISER

9 respectfully requests that the Court reconsider its Order remanding the case to Superior Court because

10 the case properly belongs in federal court.  KAISER also requests that the Court accept PARADISE

11 HILLS' Joinder in the Notice of Removal, vacate the Remand Order and re-open the federal court

12 case.

13

14        Respectfully Submitted,

15        BELSKY & ASSOCIATES

16

17 Dated:____7/15____, 2008     By:_____

18        Daniel S. Belsky, Esq.
       Vincent J. Iuliano, Esq.

19        Bruce W. Boetter, Esq.
       Attorneys for Defendants

20        CELESTINE ARAMBULO, D.O., KAISER
       FOUNDATION HOSPITALS, SOUTHERN

21        CALIFORNIA PERMANENTE MEDICAL GROUP, and
       KAISER FOUNDATION HEALTH PLAN, INC.

22

23

24

25

26

27

28

1   Daniel S. Belsky, Esq. (SBN 75810)                    (SPACE BELOW FOR FILING STAMP ONLY)
    Vincent J. Iuliano, Esq. (SBN 153594)
2   Bruce W. Boetter, Esq. (SBN 188376)
    **BELSKY & ASSOCIATES**
3   591 Camino de la Reina, Suite 640
    San Diego, CA 92108
4   Telephone:    (619) 497-2900
    Facsimile:    (619) 497-2901
5

6   Attorneys for Defendants
          CELESTINE ARAMBULO, D.O., (erroneously sued and served as DR. C. ARAMBULO),
7     KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE
      MEDICAL GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.
8

9                     **UNITED STATES DISTRICT COURT**

10               **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11   FRANZISKA I. COLLIER, individually, and as)    Civil Action No. 08cv0969-L (POR)
     Administrator of the Estate of Edgar T. Collier,)
12   Deceased; KEA JADE COLLIER, a Minor, by)    **DECLARATION OF VINCENT J. IULIANO,**
     her Guardian Ad Litem, MICHAEL HYDE,    )    **ESQ.**
13                                           )
            Plaintiffs,                      )    DATE:
14                                           )    TIME:
     v.                                      )    COURTROOM:
15                                           )
     PARADISE   HILLS   CONVALESCENT)    IC JUDGE:            HON. M. JAMES LORENZ
16   CENTER, a business entity, form unknown; DR.)    MAGISTRATE:        HON. LOUISA PORTER
     GAYNSKI; DR. C. ARAMBULO; KAISER)
17   FOUNDATION   HOSPITALS;   SOUTHERN)    CASE FILED:        MAY 30, 2008
     CALIFORNIA   PERMANENTE   MEDICAL)    TRIAL DATE:        NONE SET
18   GROUP; KAISER FOUNDATION HEALTH)
     PLAN, INC.; and DOES 1 through 100,)
19   inclusive,                             )
                                            )
20          Defendants.                      )
                                            )
21   _____)

22          I, Vincent J. Iuliano, do declare and state:

23          1.      I am an attorney duly licensed to practice law in the State of California and am a

24   shareholder in the law firm of Belsky & Associates, counsel of record for Defendants Celestine

25   Arambulo, D.O., Kaiser Foundation Hospitals, Southern California Permanente Medical Group, and

26   Kaiser Foundation Health Plan, Inc., (hereinafter "Kaiser") in the above-entitled action. I make this

27   declaration based upon my personal knowledge, and if called as a witness, I could and would

28   competently testify to the facts set forth below.

1        2.      The purpose of this *ex parte* application is to request that the Court reconsider its June

2    30, 2008 Order remanding the case to state court.

3        3.      On September 17, 2007, Plaintiffs filed this action against Defendants in the Superior

4    Court of the State of California, County of San Diego - Central Division.  However, Dr. Arambulo

5    was not served with the Second Amended Complaint until April 30, 2008, and Kaiser Foundation

6    Hospitals, Southern California Permanente Medical Group, and Kaiser Foundation Health Plan, Inc.,

7    were only served with the summons and Second Amended Complaint on May 13, 2008.

8        4.      I subsequently filed a Notice of Removal to federal court on May 30, 2008 on the basis

9    of federal question jurisdiction.

10       5.      As of the time the Notice of Removal was filed on May 30, 2008, I had my office

11   check the Superior Court file for evidence that named co-defendant Paradise Hills Convalescent

12   Center had been served with the Superior Court complaint, and/or had filed a responsive pleading.

13   This check revealed that there was no document in the Superior Court file indicating that Paradise

14   Hills had been served with the Second Amended Complaint.  I also contacted Plaintiffs' attorney to

15   discuss the status of the case on May 22, 2008.  I left a telephone message for him.  However, to this

16   date, he never responded to my message.

17       6.      To reflect the fact that I could not obtain the consent of Paradise Hills because this co-

18   defendant had not yet made an appearance in the case and its counsel, if any, were unknown to me,

19   in the Notice of Removal, I included Paragraph 13 which stated:

20           "All Defendants known to have been served with Plaintiffs' Second Amended
             Complaint have consented to this Notice of Removal."
21

22   [*See* Notice of Removal, attached as Exhibit 1.]

23       7.      At that time, only the Kaiser Defendants were known by me to have been served with

24   the Second Amended Complaint.

25       8.      On June 23, 2008, I received a letter from counsel for Paradise Hills regarding the fact

26   that Paradise Hills had not yet filed responsive pleadings and would not do so until the removal issue

27   ///

28   ///

1   was resolved.  [*See* Letter of Janet G. Martin dated June 23, 2008, attached as Exhibit 2.]  This letter

2   was the first notice that I had that Paradise Hills had been served, and were now represented by

3   counsel.

4           9.      On June 24, 2008, I spoke to counsel for Paradise Hills regarding the removal of the

5   case.  Ms. Martin advised me that Paradise Hills did not object to the removal, and in fact would join

6   in it.

7           10.     On June 24, 2008, Paradise Hills attempted to file a Joinder in Kaiser's Notice of

8   Removal.  [*See* Defendant Paradise Hills Convalescent Center's Joinder in Defendants Celestine

9   Arambulo, D. O., Kaiser Foundation Hospitals, Southern California Permanente Medical Group and

10  Kaiser Foundation Health Plan, Inc.'s Notice of Removal, attached hereto as Exhibit 3.]  I received

11  a copy of the Joinder on June 25, 2008.  The Joinder signified that Paradise Hills, the only remaining

12  Defendant who had not formally consented to removal, was now joining in Kaiser's request to have

13  the matter removed to federal court.

14          11.     On June 24, 2008, the District Court Clerk returned the Joinder attorneys for Paradise

15  Hills unfiled, apparently because it mistook the Joinder for an original Notice of Removal.  [*See*

16  Notice of Document Discrepancies, attached hereto as Exhibit 4.]  I was faxed a copy of the Notice

17  of Document Discrepancies by attorneys for Paradise Hills on June 30, 3008.  The clerk's Notice of

18  Document Discrepancies noted that the document was being returned because "Case has already been

19  Removed on 5.30.2008 (Doc #1)."  This suggests that to me that the clerk was mistakenly considering

20  the papers filed by Paradise Hills to be intended to remove the case, rather than just the agreement

21  of one party to the removal filed by another.

22          12.     I believe that I acted in good faith and with reasonable due diligence to learn the

23  identities of all known Defendants served with the Summons and Complaint to confirm their consent

24  to the removal.  I had no information that Paradise Hills was served with the Summons and

25  Complaint.  All I knew was that all known Defendants who were formal parties to this litigation, via

26  being served with the Summons and Complaint, had consented to the removal.  In my judgment, any

27  / / /

28  / / /

1    Defendant subsequently brought into the case, then had to object or consent to the removal. In this

2    case, Paradise Hills consented to that removal. There is no Defendant who has objected to that

3    removal. The face of the Notice of Removal reflected that fact.

4          13.     I believe that because Paradise Hills attempted to manifest its intent to consent to the

5    removal before the court issued its Remand Order, only to have that attempt apparently wrongly

6    rejected, fairness and justice requires that Paradise Hills be allowed to file its Joinder or consent to

7    the removal. If allowed, all Defendants will have consented to the removal and the federal court can

8    then make a determination as to the federal question raised by the pleadings. I therefore respectfully

9    request the court to reconsider its Remand Order, accept Paradise Hills' Joinder in the Notice of

10   Removal, vacate the Remand Order and re-open the federal court case.

11         I declare under penalty of perjury pursuant to the laws of the State of California, that the

12   foregoing is true and correct.

13         Executed this 11th day of July 2008, at San Diego, California.

14

15

16         Vincent J. Iuliano, Esq.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"



1  Daniel S. Belsky, Esq. (SBN 75810)
   Vincent J. Iuliano, Esq. (SBN 153594)
2  Bruce W. Boetter, Esq. (SBN 188376)
   **BELSKY & ASSOCIATES**
3  591 Camino de la Reina, Suite 640
   San Diego, CA 92108
4  Telephone:    (619) 497-2900
   Facsimile:    (619) 497-2901
5

(SPACE BELOW FOR FILING STAMP ONLY)

6  Attorneys for Defendants
7      CELESTINE ARAMBULO, D.O., (erroneously sued and served as DR. C. ARAMBULO),
       KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE
8      MEDICAL GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  FRANZISKA I. COLLIER, individually, and as)  Civil Action No. **'08 CV 0969 L POR**
    Administrator of the Estate of Edgar T. Collier,)
12  Deceased; KEA JADE COLLIER, a Minor, by)  **DEFENDANTS CELESTINE ARAMBULO,**
    her Guardian Ad Litem, MICHAEL HYDE,   )  **D.O., KAISER FOUNDATION HOSPITALS,**
13                                          )  **SOUTHERN CALIFORNIA PERMANENTE**
       Plaintiffs,                          )  **MEDICAL GROUP, and KAISER**
14                                          )  **FOUNDATION HEALTH PLAN, INC.'S**
    v.                                       )  **NOTICE OF REMOVAL**
15                                          )
    PARADISE HILLS CONVALESCENT)
16  CENTER, a business entity, form unknown; DR.)
    GAYNSKI; DR. C. ARAMBULO; KAISER)
17  FOUNDATION HOSPITALS; SOUTHERN)
    CALIFORNIA PERMANENTE MEDICAL)
18  GROUP; KAISER FOUNDATION HEALTH)
    PLAN, INC.; and DOES 1 through 100,)
19  inclusive,                             )
                                           )
20      Defendants.                        )

21

22      Defendants CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,

23  SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, and KAISER FOUNDATION

24  HEALTH PLAN, INC. respectfully remove this action to the United States District Court for the

25  Southern District of California.  In support of the Joint Notice of Removal, Defendants state as

26  follows:

27  ///

28  ///

# I.

## **INTRODUCTION**

1.      On September 17, 2007, Plaintiffs filed this action against Defendants in the Superior Court of the State of California, County of San Diego - Central Division.  However, Defendants were only served with the summons  and Second Amended Complaint filed on April 3, 2008, on or after April 30, 2008.  A copy of all State Court pleadings and orders served on removing defendants is attached as Exhibit A.

2.      Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date that Defendants were served with the Summons and Second Amended Complaint in this action.

3.      Defendants remove this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331.  The Court has federal question jurisdiction because (1) the Second Amended Complaint raises claims that turn on the construction of a federal government contract and federal common law; and (2) the Second Amended Complaint raises claims that are "completely preempted" by the Federal Employees Health Benefit Act ("FEHBA"), 5 U.S.C. §§ 8901-8914.

# II.

## **BACKGROUND**

4.      Plaintiffs in this case are the estate and widow of Edgar T. Collier ("Decedent") and Kea Jade Collier, a minor, by her guardian ad litem, Michael Hyde.  In this action, they assert various state and federal law claims against the Decedent's health maintenance organization and health care providers for actions occurring in July 2006.

5.      At all times relevant to this suit, the Decedent was enrolled in the federal government's health benefits plan administered by Kaiser (the "Kaiser Federal Plan").

6.      The Kaiser Federal Plan was, pursuant to FEHBA, created to provide health benefits for federal government employees and their dependents.  It is established by federal government contract between the United States Office of Personnel Management ("OPM") and Kaiser.

/ / /

1   ///

2       7.      Federal employees do not enter any contract with Kaiser for coverage; instead, they

3   "enroll" in the Kaiser Federal Plan pursuant to OPM regulations and receive benefits and services

4   pursuant to the federal government contract between OPM and Kaiser. 5 U.S.C. § 8905(a); 5 C.F.R.

5   §§ 890.101(a), 890.120-104, 890.301(d) and subparts C, D, and K.

6       8.      FEHBA and OPM's regulations establish a comprehensive framework for the

7   supervision and administration of FEHBA plans.

8           a.      Under FEHBA, OPM is vested with the sole authority to contract for the

9   provision of health plans, to determine the benefit structure for each plan, and to promulgate the

10  official description of a plan's terms in a Statement of Benefits. See 5 U.S.C. §§ 8902(a), 8907; see

11  generally Statement of Benefits for the Kaiser Federal Plan attached as Exhibit B.

12          b.      Congress delegated exclusively to OPM the authority to police the conduct and

13  health care policies and practices of FEHBA carriers, and the agency has promulgated extensive

14  regulations on the topic. See 5 U.S.C. §§ 8902(e), 8913(a); 48 C.F.R. Chapter 16.

15          c.      FEHBA and OPM's regulations establish that the exclusive remedy for a

16  purportedly wrongful denial of benefits or services is an administrative appeal at OPM, followed by

17  judicial review of OPM's decision. OPM has mandated that no court suit shall be brought against

18  a FEHBA carrier or its subcontractors in association with a denial of benefits or services. See 5

19  U.S.C. §§ 8902(j), 8912, 5 C.F.R. §§ 890.105, 890.107; 60 Fed. Reg. 16,037 (Mar. 29, 1995); 61 Fed.

20  Reg. 15,177 (April. 5, 1996).

21          d.      FEHBA contains a broad preemption provision that states: "The terms of any

22  contract under this chapter which relate to the nature, provision, or extent of coverage or benefits

23  (including payments with respect to benefits) shall supersede and preempt any State or local law, or

24  any regulation issued thereunder, which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1)

25  (2000) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No.

26  105-266, § 3(c), 112 Stat. 2363, 2366). In enacting this preemption provision (which amended an

27  earlier preemption section), Congress's intent was to "confirm" that "FEHB program contract which

28  relate to the nature or extent of coverage or benefits (including payments with respect to benefits)

1    completely displace State or local law relating to health insurance or plans," to clarify that "this

2    preemption authority applies to FEHB program plan contract terms which relate to the provision of

3    benefits or coverage, including managed care programs," and "to strengthen the case for trying FEHB

4    program claims disputes in Federal courts rather than State courts." H.R. Rep. No. 105-374, at 9, 16

5    (1997).

6        9.    In the Second Amended Complaint, Plaintiffs allege that in July 2006, there existed

7    written agreements for the provision of health care services, which obligates Defendants to make

8    decisions concerning the nature and extent of Decedent's medical care and treatment and that

9    Defendants were to ensure that Decedent was provided reasonable, necessary and appropriate medical

10   care in a timely manner.  Plaintiffs contend Decedent's wife is entitled to restitution of funds paid to

11   Defendants on Decedent's behalf, amongst other damages. (See Second Amended Complaint, Fourth

12   Cause of Action , page 10, line 19 to page 11, line 15.)

13      10.    Plaintiffs' Second Amended Complaint also alleges that in July 2006, Defendants

14   breached the covenant of good faith and fair dealing in that they made decisions regarding Decedent's

15   medical care and treatment because of their own economic interests and contrary to Decedent's best

16   interests, that Decedent was denied reasonable, necessary and appropriate services causing him

17   injuries and death. (See Second Amended Complaint, Fifth Cause of Action, page 11, line 16 to page

18   12, line 21.)

19                                   **III.**

20                        **GROUNDS FOR REMOVAL**

21      11.    The Court has federal question jurisdiction under 28 U.S.C. § 1331, and thus removal

22   jurisdiction under 28 U.S.C. § 1441, on each of the following independent bases:

23          a.    One or more of Plaintiffs' claims turns on the construction of federal common

24   law and is thereby removable.  Federal common law exclusively governs claims that concern the

25   interpretation of FEHBA contracts; that allege fraudulent, deceptive, or similarly wrongful conduct

26   on the part of FEHBA carriers or their subcontractors in the course of providing services to FEHBA

27   enrollees; or that challenge a FEHBA carrier's institutional policies and practices.

28   / / /

-4-

1    ///

2

3          b.    FEHBA's enforcement scheme provides the exclusive remedy for all claims

4    that involve the interpretation of FEHBA contracts; that allege fraudulent, deceptive, or similarly

5    wrongful conduct on the part of FEHBA carriers or their subcontractors in the course of providing

6    services to FEHBA enrollees; or that challenge a FEHBA carrier's institutional policies and practices.

7    For this reason, FEHBA "completely preempts" - and therefore makes removable - one or more of

8    Plaintiffs' claims in this action.

9          12.    Removal of an entire case is permitted if the Court has jurisdiction as to any claim

10   against any Defendant. Consequently, so long as one of the Plaintiffs' claims as asserted against any

11   Defendants are subject to removal, this Court can exercise jurisdiction over the entire case. See 28

12   U.S.C. §§ 1367, 1441(c).

13         13.    All Defendants known to have been served with Plaintiffs' Second Amended

14   Complaint have consented to this Notice of Removal.

15         **WHEREFORE, PREMISES CONSIDERED,** Defendants remove this action from the

16   Superior Court of the State of California, County of San Diego - Central Division.

17                                    Respectfully Submitted,

18

     Dated: _May 30_, 2008      By: _Vincent J. Iuliano_

19                                    Daniel S. Belsky, Esq.
                                      Vincent J. Iuliano, Esq.
20                                    Bruce W. Boetter, Esq.
                                      Attorneys for Defendants
21                                    CELESTINE   ARAMBULO,   D.O.,   KAISER
                                      FOUNDATION   HOSPITALS,   SOUTHERN
22                                    CALIFORNIA PERMANENTE MEDICAL GROUP, and
                                      KAISER FOUNDATION HEALTH PLAN, INC.

23

24

25

26

27

28

# EXHIBIT "2"

# BEACH | WHITMAN | COWDREY, LLP
## ATTORNEYS AT LAW

760 Paseo Camarillo, Suite 350
Camarillo, California 93010
Phone (805) 388-3100
Facsimile (805) 388-3414
www.beachwhitman.com

June 23, 2008

**VIA FACSIMILE and U.S. MAIL**
(619) 298-7784

Bernard Lafer, Esq.
7801 Mission Center Court, #430
San Diego, CA 92108

Daniel S. Belsky, Esq.
Vincent Juliano, Esq.
Belsky & Associates
591 Camino de la Reina, # 640,
San Diego, CA 92108

Re:   *Collier v. Paradise Hills Convalescent Center, et al.*
San Diego Superior Court Case No: 37-2007-00075145-CU-MM-CTL

Dear Mr. Lafer and Mr. Belsky:

In light of the Notice of Removal filed by the Kaiser defendants, we plan to defer the filing of a responsive pleading on behalf of Paradise Hills Convalescent Center until the removal issue has been resolved by the Courts.   If any party believes that a responsive pleading should be filed during the interim period, please feel free to contact me to discuss.

Very truly yours,

BEACH | WHITMAN | COWDREY, LLP

Janet G. Martin

JGM:tla

# EXHIBIT "3"

BEACH | WHITMAN | COWDREY, LLP
760 PASEO CAMARILLO, SUITE 350
CAMARILLO, CALIFORNIA 93010
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Thomas E. Beach - State Bar No. 096321
Janet G. Martin - State Bar No. 180735
Attorneys for Defendant,
PARADISE HILLS CONVALESCENT CENTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO - CENTRAL DIVISION

| | |
|---|---|
| FRANZISKA I. COLLIER, individually and as Administrator of the Estate of Edgar T. Collier, Deceased; KEA JADE COLLIER, a Minor, by her Guardian Ad Litem MICHAEL HYDE,<br><br>Plaintiffs,<br><br>vs.<br><br>PARADISE HILLS CONVALESCENT CENTER, a business entity, form unknown; DR. GAYNSKI; DR. C. ARAMBULO; KAISER FOUNDATION HOSPITALS; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP; KAISER FOUNDATION HEALTH PLAN, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants, | CASE NO: 37-2007-00075145-CU-MM-CTL<br>Assigned to Department: C-66<br>Hon.: Charles R. Hayes<br><br>**DEFENDANT PARADISE HILLS CONVALESCENT CENTER'S JOINDER IN DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, AND KAISER FOUNDATION HEALTH PLAN, INC.'S NOTICE OF REMOVAL** |

Defendant PARADISE HILLS CONVALESCENT CENTER, hereby joins in the

"Defendants Celestine Arambulo, D.O., Kaiser Foundation Hospitals, Southern California

Permanente Medical Group, and Kaiser Foundation Health Plan, Inc.'s Notice of Removal" filed by

1

DEFENDANT PARADISE HILLS CONVALESCENT CENTER
JOINDER IN DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, AND KAISER FOUNDATION HEALTH
PLAN, INC.'S NOTICE OF REMOVAL

2576

1   co-defendants CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,

2   SOURTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, and KAISER FOUNDATION

3   HEALTH PLAN, INC., on or about May 30, 2008.

4

5

6   Dated:   June 23, 2008BEACH | WHITMAN | COWDREY, LLP

7

                    By: _____
8                        Thomas E. Beach
                         Janet G. Martin
9                        Attorneys for Defendant,
                         PARADISE HILLS CONVALESCENT CENTER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PARADISE HILLS CONVALESCENT CENTER
JOINDER IN DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, AND KAISER FOUNDATION HEALTH
PLAN, INC.'S NOTICE OF REMOVAL

BEACH | WHITM^^N | COWDREY, LLP
760 PASEO C        JLLO, SUITE 350
CAMARILLO, ᴄᴀLIFORNIA  93010
TELEPHONE: (805) 388-3100

PROOF OF SERVICE

1

STATE OF CALIFORNIA, COUNTY OF VENTURA

2

3        I am employed in the County of Ventura, State of California.  I am over the age of 18 and not
a party to the within action.  My business address is 760 Paseo Camarillo, Suite 350, Camarillo,
4    California 93010.

5        On June 23, 2008, I served the foregoing document(s) described as: **DEFENDANT
PARADISE HILLS CONVALESCENT CENTER JOINDER IN DEFENDANTS**
6    **CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,**
**SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, AND KAISER**
7    **FOUNDATION HEALTH PLAN, INC.'S NOTICE OF REMOVAL**on the interested
parties in this action, by placing ____ the original __X__ a true copy thereof enclosed in a sealed
8    envelope addressed as follows:

SEE ATTACHED SERVICE LIST

9
X   **(BY FIRST CLASS MAIL)**  I caused such envelope with postage thereon fully prepared to be
10   placed in the United States mail at Camarillo, California.  I am "readily familiar" with the firm's
practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal
11   Service on that same day in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than 1
12   day after date of deposit for mailing in affidavit.

13   ____ **(BY FACSIMILE TRANSMISSION)**  On this date, I transmitted from a facsimile
transmission machine in Camarillo, California, whose telephone number is (805) 388-3414 the
14   above-named document was transmitted to the interested parties herein whose facsimile transmission
telephone numbers are included in the attached Service List.  The above-described transmission was
15   reported as complete without error by a transmission report issued by the facsimile transmission
machine upon which the said transmission was made immediately following the transmission.  A
16   true and correct copy of the said transmission report is attached hereto and incorporated herein by
this reference.

17
____ **(BY OVERNIGHT CARRIER)**  I placed the above-named document in an envelope or
18   package designated by **[GoldenState Overnight Carrier/UPS/Federal Express/Overnite Express]**
("express service carrier") addressed to the parties listed on the service list herein, and caused such
19   envelope with delivery fees paid or provided for to be deposited in a box maintained by the express
service carrier.  I am "readily familiar" with the firm's practice of collection and processing of
20   correspondence and other documents for delivery by the express service carrier.  It is deposited in a
box maintained by the express service carrier on that same day in the ordinary course of business.

21
____ **(BY PERSONAL SERVICE)**  I delivered such envelope by hand to the office of the
22   addressee.

23    __X__  **(State)**        I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.
24
Executed on June 23, 2008, at Camarillo, California.
25

26                                         Tina L. Amoke

27

28                                            3

**DEFENDANT PARADISE HILLS CONVALESCENT CENTER
JOINDER IN DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION HOSPITALS,
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, AND KAISER FOUNDATION HEALTH
PLAN, INC.'S NOTICE OF REMOVAL**

BEACH | WHITMAN | COWDREY, LLP
760 PASEO CAMARILLO, SUITE 350
CAMARILLO, CALIFORNIA 93010
TELEPHONE: (805) 388-3100

1

## SERVICE LIST
## COLLIER v. PARADISE, SDSC CASE NO. 37-2007-00075145-CU-MM-CTL

2

**ATTORNEY FOR PLAINTIFFS**

3

4    Bernard R. Lafer, Esq.
     7801 Mission Center Court, #430
     San Diego, CA 92108
5    Phone: (619)298-1969
     Fax:   (619)298-7784

6

**ATTORNEYS FOR DEFENDANTS, CELESTINE ARAMBULO, D.O., (ERRONESIOUSLY**
7    **SUED AND SERVED AS DR. C. ARAMBULO), KAISER FOUNDATION HOSPITALS,**
     **SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUPT AND KAISER**
8    **FOUNDATION HEALTH PLAN, INC.**

9    Daniel S. Belsky, Esq.
     Vincent J. Iuliano, Esq.
10   Bruce W. Boetter, Esq.
     Belsky & Associates
11   591 Camino de la Reina, Suite 640
     San Diego, CA 92108
12   Phone: (619) 497-2900
     Fax:   (619) 497-2901

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEACH | WHITMAN | COWDREY, LLP
760 PASEO C        ILLO, SUITE 350
CAMARILLO, ᴄᴀLIFORNIA  93010
TELEPHONE: (805) 388-3100

4

# EXHIBIT "4"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

CASE NO.:  08cv969 L (POR)          CASE TITLE:  Collier, et al v. Paradise Hills, et al

DOCUMENT                                              RECEIVED

ENTITLED:  Deft Notice of Removal                     DATE: 6/24/2008

The above document(s) is/are returned unfiled for the reason(s) indicated below:

| Local Rule | Discrepancy |
| --- | --- |
| ☐ 3.1 | Missing civil cover sheet or missing attorney's signature on civil cover sheet. |
| ☐ 4.2 | Missing filing fee or application to proceed in forma pauperis -- *application* |
| ☐ 4.5 | Incorrect filing fee: $350.00 to file a civil action; $5.00 for a habeas corpus |
| ☐ 5.1.i or 47.1.b.1 | Missing copy of document for judge and/or U.S Attorney |
| ☐ 5.1.i.1 | Missing original document |
| ☐ 5.1.j.1 | Missing name, address or phone number of attorney or individual appearing pro se |
| ☐ 5.1.j.4 | Missing signature on document |
| ☐ 5.2 | Missing proof of service |
| ☐ 5.3.c | Document illegible or submitted on thermal facsimile paper |
| ☐ 7.1.j or 47.1.d.1 & 47.1.d.2 | Joinder(s): No pending motions on file. Each joinder must specifically identify the particular motions to which the joinder applies |
| ☐ 30.1; 33.1 & 36.1 | Unless filing is ordered by the court, no discovery (ie: depositions, interrogatories and requests for admissions) are filed in the district court |
| ☐ 54.1 | The cost bill shall specify the hour and date when application to the clerk to tax costs will be made |
| X | OTHER: Case has already been Removed on 5/30/2008 (Doc #1) |

DATED: 6/24/2008                                      CLERK, U. S. DISTRICT COURT


                                                      By: K. Hammerly
                                                      (Intake Clerk's Initials)

#2576
VB

# EXHIBIT "5"

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 SOUTHERN DISTRICT OF CALIFORNIA

9

10 FRANZISKA I. COLLIER, *et al.*,        )   Civil No. 08cv969-L(POR)
                                          )
11              Plaintiffs,               )
                                          )   **ORDER REMANDING ACTION TO**
12 v.                                     )   **STATE COURT**
                                          )
13 PARADISE HILLS CONVALESCENT            )
   CENTER, *et al.*,                      )
14                                        )
                Defendants.               )
15                                        )
                                          )
16 _____       )

17       On May 30, 2008, Defendants Celestine Arambulo, D.O., Kaiser Foundation Hospitals,

18 Southern California Permanente Medical Group and Kaiser Foundation Health Plan, Inc.

19 ("Removing Defendants") filed a notice of removal, removing this medical negligence and

20 wrongful death action from state court.  The notice of removal is based on 28 U.S.C. §§ 1441

21 and 1331.

22       The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. of N.Y.*,

23 790 F.2d 769, 774 (9th Cir. 1986).  It possesses only that power authorized by the Constitution

24 or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is

25 constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

26 so *sua sponte. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus.*

27 *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  "The burden of establishing

28 federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed

08cv969

#2576

1  against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712

2  n.3 (9th Cir. 1990).

3      In addition to the Removing Defendants, the complaint names Paradise Hills

4  Convalescent Center as a Defendant. This Defendant has not joined in the removal. "Section

5  1446 requires all proper defendants to join or consent to the removal notice." *Prize Frize, Inc. v.*

6  *Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other grounds in *Abrego*

7  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). "Where fewer than all the

8  defendants have joined in a removal action, the removing party has the burden under section

9  1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Id.*

10 No attempt to explain is made in the notice of removal. Accordingly, the notice of removal is

11 defective on its face, and the case is **REMANDED** to the Superior Court of the State of

12 California for the County of San Diego, Central Division.

13      **IT IS SO ORDERED.**

14

15 DATED:  June 30, 2008

16

17                                          M. James Lorenz
                                           United States District Court Judge

18 COPY TO:

19 HON. LOUISA S. PORTER
   UNITED STATES MAGISTRATE JUDGE

20 ALL PARTIES/COUNSEL

21

22

23

24

25

26

27

28

1 Daniel S. Belsky, Esq. (SBN 75810)    (SPACE BELOW FOR FILING STAMP ONLY)
 Vincent J. Iuliano, Esq. (SBN 153594)
2 Bruce W. Boetter, Esq. (SBN 188376)
 **BELSKY & ASSOCIATES**
3 591 Camino de la Reina, Suite 640
 San Diego, CA 92108
4 Telephone: (619) 497-2900
 Facsimile: (619) 497-2901

5

 **United States District Court - Southern District of California**
6 **Civil No. 08cv0969-L (POR)**
 *Collier v. Arambulo, D.O., et al.*

7

8           **PROOF OF SERVICE**

9    I, the undersigned, declare: that I am, and was at the time of service of the papers herein
referred to, over the age of 18 years, and not a party to the above-referenced action; and I am
10 employed in the County of San Diego, California, in which county the mailing occurred. My
business address is 591 Camino de la Reina, Suite 640, San Diego, California 92108. I am readily
11 familiar with the practices of Belsky & Associates for collection and processing of correspondence
for mailing with the United States Postal Service, Federal Express and UPS. Such correspondence
12 is deposited with the United States Postal Service, Federal Express, or UPS the same day in the
ordinary course of business. I served the following documents:

13

   **(1)**  **DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION**
14       **HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL**
       **GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.'S *EX PARTE***
15       **APPLICATION FOR RECONSIDERATION OF THE COURT'S ORDER**
       **REMANDING THE CASE TO STATE COURT;**

16

   **(2)**  **DEFENDANTS CELESTINE ARAMBULO, D.O., KAISER FOUNDATION**
17       **HOSPITALS, SOUTHERN CALIFORNIA PERMANENTE MEDICAL**
       **GROUP, and KAISER FOUNDATION HEALTH PLAN, INC.'S**
18       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX***
       ***PARTE* APPLICATION FOR RECONSIDERATION OF THE COURT'S**
19       **ORDER REMANDING THE CASE TO STATE COURT; and**

20   **(3)**  **DECLARATION OF VINCENT J. IULIANO, ESQ.**

21 of which the original document, or a true and correct copy, is attached, by placing a copy thereof in
a separate envelope for each addressee named hereafter, addressed to each such addressee
22 respectively as follows:

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

            Proof of Service

1

**United States District Court - Southern District of California**
2
**Civil Action No. 08cv0969-L (POR)**
*Collier v. Arambulo, D.O., et al.*
3

**PROOF OF SERVICE**
4
Page 2

5

6
Bernard R. Lafer, Esq.                          Lawrence A. Cox, Esq. (SBN 076140)
LAW OFFICES OF BERNARD R. LAFER       Brian K. Condon, Esq. (SBN 138776)
7
7801 Mission Center Court, Suite 430       Courtney Stuart-Alban, Esq. (SBN 225513)
San Diego, CA 92108                              ARNOLD & PORTER LLP
8
(619) 298-1969 / (619) 298-7784 (Fax)      777 South Figueroa Street, 44th Floor
**Attorney for Plaintiffs**                        Los Angeles, CA 90017
9
**FRANZISKA I. COLLIER, individually, and**  (213) 243-4000
**as Administrator of the Estate of Edgar T.**  (213) 243-4199 (Fax)
10
**Collier, Deceased and KEA JADE**   **Co-Counsel for Defendants**
**COLLIER, a Minor by her Guardian Ad**  **CELESTINE ARAMBULO, D.O.,**
11
**Litem MICHAEL HYDE**                    **(erroneously sued and served as DR.**
**C. ARAMBULO), KAISER**
12
**FOUNDATION HOSPITALS,**
**SOUTHERN CALIFORNIA**
13
**PERMANENTE MEDICAL GROUP,**
**KAISER FOUNDATION HEALTH PLAN,**
14
**INC.**

15
Janet G. Martin, Esq.
BEACH WHITMAN COWDREY, LLP
16
760 Paseo Camarillo, Suite 350
Camarillo, CA 93010
17
(805) 388-3100
(805) 388-3414 (Fax)
18
**Attorneys for Defendant**
**PARADISE HILLS CONVALESCENT**
19
**CENTER**

20
   I then sealed each envelope and placed them for collection and mailing on July 15, 2008.
21
   I declare under penalty of perjury that the foregoing is true and correct.
22
   Executed on July 15, 2008 at San Diego, California.
23

24
                                          *Melinda Scocozza*
                                          Melinda Scocozza
25

26

27

28

_____
Proof of Service